IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARY BEGLEY, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-07383 |
| HOME DEPOT U.S.A., INC., a Foreign Corporation; and SUN TERRACE CASUAL FURNITURE, INC., a Foreign Corporation | ) |
|                 Defendants. | ) |
| ------------------------------------------------- | ) |
| HOME DEPOT U.S.A., INC. | ) |
|                 Third-Party Plaintiff, | ) |
| v. | ) |
| ASSEMBLER'S, INC. and FUJIAN DUSHI WOODEN IND. CO., LTD., | ) |
|                 Third-Party Defendants. | ) |

**HOME DEPOT U.S.A., INC.'S THIRD-PARTY COMPLAINT AGAINST ASSEMBLER'S, INC. AND FUJIAN DUSHI WOODEN IND. CO., LTD.**

NOW COMES the Defendant/Third-Party Plaintiff, HOME DEPOT U.S.A., INC. ("Home Depot"), by and through its attorneys, MCVEY & PARSKY, LLC for its Third-Party Complaint against ASSEMBLER'S, INC. ("Assembler's") and FUJIAN DUSHI WOODEN IND. CO., LTD. ("Fujian"), hereby states as follows:

**GENERAL ALLEGATIONS AND BACKGROUND**

1. Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. Home Depot does business in the State of Illinois.

2. Upon information and belief, Third-Party Defendant, Assemblers, is a Tennessee corporation with its principal place of business in Tennessee.

3. Upon information and belief, Fujian is a Chinese corporation that transacts and conducts business in the United States, including the State of Illinois.

4. On or about April 2, 2015, Plaintiff, Cary Begley, filed a Complaint in the Circuit Court of Will County asserting claims against Home Depot. A copy of the Complaint is attached hereto as Exhibit A.

5. On or about August 21, 2015, Home Depot removed this lawsuit to the Northern District of Illinois, Eastern Division, where it is currently pending. A copy of the notice of removal is attached hereto as Exhibit B.

6. Plaintiff alleges that he was injured on April 5, 2013 when an Adirondack patio chair he sat in broke.

7. Home Depot denies all material allegations in Plaintiff's complaint.

## COUNT I
## CONTRIBUTION UNDER 740 ICLS §100/2 AGAINST ASSEMBLERS, INC.

8. Home Depot repeats and realleges the allegations contained in Paragraphs 1-7 above as if fully alleged herein.

9. Home Depot contracted with Assembler's to provide merchandising services to Home Depot, including but not limited to, the assembly of chairs such as the one Plaintiff alleges broke. A copy of the Merchandising Agreement[1] is attached hereto as Exhibit C.

10. Assembler's is not an agent of Home Depot.

11. At the time of the alleged accident, Assembler's owed a duty to properly and correctly assemble Adirondack patio chairs.

---

[1] Exhibits and amendments to the Merchandising Agreement will be produced subject to entry of a protective order.

2

12. Notwithstanding the aforementioned duties, Assembler's proximately caused and/or contributed to Plaintiff's injury by committing one or more of the following careless and/or negligent acts and/or omissions:

    a. Failed to follow assembly instructions;

    b. Failed to properly assemble the chair;

    c. Failed to properly align all components so that they could be properly secured;

    d. Failed to properly tighten and secure all components of the chair;

    e. Failed to inspect the chair to make sure it was properly assembled or secured; and

    f. Failed to test the chair to make sure it was properly assembled or secured.

13. Home Depot denies all liability as alleged by Plaintiff, but if Home Depot is found liable to Plaintiff, one or more of the foregoing acts or omissions on the part of Assembler's contributed in whole or in part to cause the damages Plaintiff allegedly sustained.

14. At all relevant times hereto, there was in full force and effect an act commonly referred to as the Joint Tortfeasor Contribution Act, 740 ILCS §100/2.

15. Pursuant to the Joint Tortfeasor Contribution Act, Home Depot has a right of contribution against Assembler's should Home Depot be found liable to Plaintiff and be required to pay a sum in excess of its pro rata share of liability.

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot prays that, in the event that judgment is entered against them and in favor or Plaintiff, or if Home Depot is

required to pay settlement funds, that a judgment be entered on this Third-Party Complaint in favor of Home Depot and against Assembler's in an amount commensurate with the relative degree of fault attributed to Assembler's.

## COUNT II
## BREACH OF CONTRACT—FAILURE TO PROVIDE INSURANCE AGAINST ASSEMBLERS, INC.

16. Home Depot repeats and realleges the allegations contained in Paragraphs 1-15 above as if fully alleged herein.

17. The contract between Home Depot and Assemblers under Section 8, subsection 8.1 required Assembler's to provide Home Depot with insurance coverage under the following provision:

> During the term of this Agreement, including any applicable warranty period, Contractor agrees to maintain, at Contractor's sole cost and expense, the following insurance coverage…(c) Commercial General Liability Insurance (including products liability), on an occurrence basis, naming Home Depot U.S.A., Inc., its subsidiaries and affiliates as an additional insured with a limit of $2,000,000 per occurrence and in the aggregate…

18. Home Depot requested that Assembler's and Assemblers' insurer defend and indemnify Home Depot in this lawsuit.

19. To date, Assembler's and its insurer have not agreed to defend and indemnify Home Depot.

20. Assembler's and its insurer's failure to agree to indemnify Home Depot means that Assembler's has not provided Home Depot with insurance, which is in breach of the obligation quoted above.

21. Home Depot has incurred, and will continue to incur, damages due to Assemblers' breach of its duty to provide Home Depot with insurance.

4

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot respectfully requests that this Court enter judgment in their favor and against Third-Party Defendant, Assembler's for the following:

a. An order declaring that Assembler's is in breach of its duty to provide Home Depot with insurance for this lawsuit;

b. An order requiring Assembler's to defend and indemnify Home Depot for any loss incurred by Home Depot as a result of a judgment or settlement in this lawsuit; and

c. Any other relief that this Court deems just and proper.

## COUNT III
## CONTRACTUAL INDEMNITY AGAINST ASSEMBLERS

22. Home Depot repeats and realleges the allegations contained in Paragraphs 1-21 above as if fully alleged herein.

23. As part of the contract between Home Depot and Assembler's under Section 7.1, Assembler's agreed to indemnify Home Depot under the following language:

> Contractor ("Indemnitor") shall indemnify, defend, and hold harmless Home Depot, its affiliates, subsidiaries, officers, employees, and agents ("Indemnitees") from and against any and all claims, lawsuits, judgments, losses, product recalls, and civil penalties for actions, liabilities, damages, costs, and expenses, including attorney's fees and court costs, and expenses, including attorney's fees and court costs, arising out of or related to (a) the death or injury to any person or damage to any property caused by any act or omission of Indemnitor, the Product, or use of the Product; (b) the failure of Indemnitor or Product to comply with any warranty, guarantee, or representation pertaining to the Product; (c) any guarantee, warranty, label or instruction furnished by Indemnitor…(e) the Indemnitor's negligence, willful misconduct, or breach of any representation, warranty or other obligation under this Agreement…

24. Further, under Section 7.2, "If Contractor fails to assume its obligations hereunder within a reasonable time, Home Depot shall have the right to proceed on Home Depot's own behalf to defend itself. Contractor shall indemnify Home Depot for any and all costs and expenses, including attorney's fees and court costs, in connection therewith."

25. In the event that any liability is assessed against Home Depot, or if Home Depot is required to pay any settlement in this matter, Assembler's must indemnify Home Depot for that liability and/or settlement under the above agreement.

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot requests that this Court enter judgment in their favor and against Third-Party Defendant Assembler's, for an amount equal to any amount that Plaintiff may recover against Home Depot for this lawsuit as well as for any fees and costs incurred by Home Depot.

## COUNT IV
## CONTRIBUTION UNDER 740 ICLS §100/2 AGAINST FUJIAN

26. Home Depot repeats and realleges the allegations contained in Paragraphs 1-25 above as if fully alleged herein.

27. Home Depot contracted with Fujian to supply merchandise to Home Depot, including but not limited to, the chair Plaintiff alleges broke. A copy of the Merchandising Agreement including all amendments is attached hereto as Exhibit D.

28. Fujian is not an agent of Home Depot.

29. At the time of the alleged accident, Fujian owed a duty to properly design, manufacture, and distribute Adirondack patio chairs.

6

30. Notwithstanding the aforementioned duties, Fujian proximately caused and/or contributed to Plaintiff's injury by committing one or more of the following careless and/or negligent acts and/or omissions:

   a. Failed to design a good, safe chair fit for its intended use;

   b. Failed to properly manufacture a safe chair, including component parts;

   c. Failed to manufactured a chair in accordance with its intended use;

   d. Failed to warn of any defects and/or conditions of the chair; and

   e. Failed to write and/or provide accurate, complete, and full assembly instructions.

31. Home Depot denies all liability as alleged by Plaintiff, but if Home Depot is found liable to Plaintiff, one or more of the foregoing acts or omissions on the part of Fujian contributed in whole or in part to cause the damages Plaintiff allegedly sustained.

32. At all relevant times hereto, there was in full force and effect an act commonly referred to as the Joint Tortfeasor Contribution Act, 740 ILCS §100/2.

33. Pursuant to the Joint Tortfeasor Contribution Act, Home Depot has a right of contribution against Fujian should Home Depot be found liable to Plaintiff and be required to pay a sum in excess of its pro rata share of liability.

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot prays that, in the event that judgment is entered against them and in favor or Plaintiff, or if Home Depot is required to pay funds pursuant to a settlement agreement, that a judgment be entered on this Third-Party Complaint in favor of Home Depot and against Fujian in an amount commensurate with the relative degree of fault attributed to Fujian.

## COUNT V
## BREACH OF CONTRACT—FAILURE TO PROVIDE INSURANCE

**AGAINST FUJIAN**

34. Home Depot repeats and realleges the allegations contained in Paragraphs 1-33 above as if fully alleged herein.

35. The contract between Home Depot and Fujian under Section 7 required Fujian to provide Home Depot with insurance coverage under the following provision:

> Supplier shall maintain Commercial General Liability Insurance on an occurrence basis with limits of not less than the amounts specified on the Insurance Approval Request Form attached to this SBA. THD, its parent, affiliates and subsidiaries shall be named as an additional insured. Supplier's insurance must be the primary policy with respect to any loss…Supplier will have its insurer provide THD with a current Certificate of Insurance evidencing the required coverage…Supplier further agrees that upon notice of a claim against THD involving Merchandise sold to THD that Supplier will immediately and without delay notify all insurance carriers which issued policies to Supplier. Thereafter, Supplier agrees to keep THD fully informed of all activity, including but not limited to providing THD with all correspondence, and action taken with regard to any claim by any insurance carrier…

36. Home Depot requested that Fujian and Fujian's insurer defend and indemnify Home Depot in this lawsuit.

37. To date, Fujian and its insurer have not agreed to defend and indemnify Home Depot.

38. Fujian's and its insurer's failure to agree to indemnify Home Depot means that Fujian has not provided Home Depot with insurance, which is in breach of the obligation quoted above.

39. Home Depot has incurred, and will continue to incur, damages due to Fujian's breach of its duty to provide Home Depot with insurance.

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot respectfully requests that this Court enter judgment in their favor and against Third-Party Defendant Fujian for the following:

    a. An order declaring that Fujian is in breach of its duty to provide Home Depot with insurance for this lawsuit;

    b. An order requiring Fujian to defend and indemnify Home Depot for any loss incurred by Home Depot as a result of a judgment or settlement in this lawsuit; and

    c. Any other relief that this Court deems just and proper.

## COUNT VI
## CONTRACTUAL INDEMNITY AGAINST FUJIAN

40. Home Depot repeats and realleges the allegations contained in Paragraphs 1-39 above as if fully alleged herein.

41. As part of the contract between Home Depot and Fujian under Section 6.1, Fujian agreed to indemnify Home Depot under the following language:

> Supplier will indemnify and defend THD (which for the purpose of Sections 6 and 7 of this SBA includes all of THD's affiliates, subsidiaries, directors, officers, employees and agents) from and against any and all claims or allegations made by any person (incudling those made by Supplier's directors, officers and employees), losses, damages, suits, fees, judgments, costs and expenses (including attorneys' fees incurred in responding to such claims) that THD may suffer or incur arising or alleged to have arisen out of or in connection with (a) any personal injury (including death) or damage to property arising out of the acts or omission of Supplier, its employees and agents, contractors, subcontractors and/or any other persons for whose conduct Supplier may be or is alleged to be legally responsible or from the Merchandise or its marketing, sale, renal or use; (b) the failure of Supplier to fully comply with any representation, warranty or other obligation under this SBA.

42. Further, under Section 6.1, "This agreement to indemnify, defend and hold THD and its affiliates harmless applies whether or not the claim or loss was alleged to have been caused in whole or in part by the negligence or fault of THD. Further, this agreement applies even when the Supplier is not named as a party to the lawsuit."

43. In the event that any liability is assessed against Home Depot, or if Home Depot is required to pay any settlement in this matter, Fujian must indemnify Home Depot for that liability and/or settlement under the above agreement.

WHEREFORE, Defendant/Third-Party Plaintiff Home Depot requests that this Court enter judgment in their favor and against Third-Party Defendant Fujian, for an amount equal to any amount that Plaintiff may recover against Home Depot for this lawsuit as well as for any fees and costs incurred by Home Depot.

      Respectfully submitted,

      HOME DEPOT U.S.A., INC.

      BY:   /s/ Christina L. Talamonti
           Christina L. Talamonti (6307144)
           One of its attorneys

Christina L. Talamonti
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL  60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: clt@mcveyparsky-law.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on December 31, 2015 I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.


By: /s/ Christina L. Talamonti
       Christina L. Talamonti
       Illinois Bar #6307144


Christina L. Talamonti
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: clt@mcveyparsky-law.com